IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID L. JOHNSON,

          Plaintiff,

                              CIVIL ACTION
    vs.                            No. 05-3326-SAC

JAMES L. GILCHRIST, et al.,

          Defendants.

### ORDER

    This matter is before the court on a civil rights complaint filed under 42 U.S.C. 1983 by a prisoner confined in the Jackson County Detention Center in Holton, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915.

    Pursuant to 28 U.S.C. 1915(b)(1), plaintiff must pay the full $250.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligation,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing

---

[1] See Johnson v. Booker, Case No. 00-3019-GTV (remainder of $150.00 district court filing fee).

fee. Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b).

In this action, plaintiff claims the facility's collection of prisoner co-payments for medical care is an unauthorized taking of funds from his inmate account. In his administrative grievance seeking reimbursement of these fees, he argued the facility director's reliance on Federal Prisoner Health Care Copayment Act of 2000 (Act), 18 U.S.C. 4048, for medical and prescription charges is unwarranted because that Act does not apply to state prisoners.[2] Alternatively, plaintiff argues noncompliance with the Act because he never received both written and oral notice of the fees, and because fees were charged either for a preventative health care service or treatment of a chronic infectious disease.

To allege a valid claim under 42 U.S.C. 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992). Thus to the extent plaintiff may be claiming defendants violated

---

[2] Plaintiff states he is confined in the county jail on Jackson County criminal charges (Case 05-CR-228), and is subject to a federal detainer lodged by the United States Marshal Service.

county jail or state regulations, no cause of action is stated under 42 U.S.C. 1983 on such a claim. *See e.g.* Jones v. City & County of Denver, Colo., 854 F.2d 1206, 1209 (10th Cir. 1988)(section 1983 provides relief for violations of federal law by individuals acting under color of state law, but provides no basis for relief for alleged violations of state law).

Under the circumstances presented in plaintiff's allegations, the court finds the complaint is subject to being dismissed even if the court assumes the federal Act authorizing copayment for health services does not apply.[3]

The Fifth and Fourteenth Amendments prohibit the government from depriving an inmate of life, liberty, or property without due process of law. To state a cognizable due process claim in this case, plaintiff must allege the interference of a property interest protected by the Due Process Clause, and the denial of

---

[3] Section 4048 applies to "prisoners" incarcerated in a Bureau of Prisons (BOP) facility, or individuals designated by the BOP Director as "charged with or convicted of an offense against the United States." 18 U.S.C. 4048(a)(5)(a) and (b). Also, a federal statute authorizes a state or local government to collect reasonable fees from a federal prisoner's trust fund account. 18 U.S.C. 4013(d)(1).

On the face of the complaint, plaintiff is confined on Jackson County criminal charges, subject to a detainer lodged by the United States Marshal Service for plaintiff's future custody. This limited information is insufficient to determine whether plaintiff is a "federal prisoner" under either statute. No authorization under Kansas law is identified as authorizing medical co-payment fees from a non-indigent prisoner. *See* 18 U.S.C. 4013(d)(1)(B)(i)(fees must be authorized under state law). See e.g. K.S.A. 19-1930(d)(authorizing counties to adopt resolutions requiring inmates receiving compensation to pay daily costs toward their jail maintenance). The court does not address or decide whether treatment for plaintiff's staph infection falls within the statutory disallowance of fees for "preventative health care services" or the "diagnosis or treatment of chronic infectious diseases." 18 U.S.C. 4013(d)(1)(C)(iii).

sufficient procedural safeguards to protect against unjustified deprivations. *See* Lancaster v. Indep. Sch. Dist. No. 5, 149 F.3d 1228, 1234 (10th Cir. 1998)(review for due process claim requires protected property interest and whether level of process afforded was appropriate). However, the mere negligence of a prison official does not deny procedural due process, Parratt v. Taylor, 451 U.S. 527 (1981), and unauthorized, intentional deprivations of property violate due process only where no adequate post-deprivation remedy is afforded, Hudson v. Palmer, 468 U.S. 517, 533, 536 (1984). *See* Gillihan v. Shillinger, 872 F.2d 935 (10th Cir. 1989)(random and unauthorized taking of property, whether intentional or negligent, does not implicate due process clause where adequate state post-deprivation remedies are available)(*citing* Hudson *and* Parratt).

   In the present case, the court finds no denial of plaintiff's constitutional rights is evident where plaintiff: does not claim he was denied medical care because he could not pay; does not dispute the amount of the fee charged or that he received medical services for each charge; signed medical request forms that clearly listed the fees to be charged for medical services; and was able to pursue administrative review of alleged error in a fee being charged. Under these circumstances, any error or negligence by the facility director in interpreting the federal Act or in responding to plaintiff's grievance does not constitute the denial of procedural due process in the taking of medical co-payment funds from plaintiff's inmate account.

   Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed because the allegations therein state no cognizable constitutional claim on which relief

can be granted under 42 U.S.C. 1983. <u>See</u> 28 U.S.C. 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 9th day of August 2005 at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
SAM A. CROW
U.S. Senior District Judge